MARTIN SCOTT, ET AL., *v.* W. T. SCOTT EX'X.

THOMAS B. SCOTT, ET AL., *v.* SAME.

Newly Discovered Evidence.
    Even if diligence has been shown in trying to discover evidence, a new trial will not be granted on account of newly discovered evidence which is merely cumulative.

Weight of Evidence.
    The court of appeals will only reverse the finding of the lower court on the evidence when it is palpably against the evidence.

APPEAL FROM JESSAMINE CIRCUIT COURT.

April 12, 1879.

OPINION BY JUDGE HINES:

After the expiration of the term at which a judgment is entered the court has no power to vacate or modify it except for the following reasons:

1. Newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial.

2. When the party against whom the judgment was rendered was constructively summoned and did not appear to the action.

3. For misprision of the clerk.

4. For fraud practiced by the successful party in obtaining the judgment.

5 For erroneous proceedings against an infant, married woman, or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings.

6. For the death of one of the parties before judgment.

7. From unavaoidable casualty or misfortune, preventing the party from appearing or defending.

8. For errors in a judgment, shown by an infant within twelve months after arriving at full age.

Secs. 369, 371, 373, and 579, Myers' Civil Code.

The petitions in these cases present only three of these grounds, to wit: the first, second and fifth. As to the second ground the party constructively summoned was Samuel Scott. The petition and the record show that he appeared in the former action and made defense in this court. As to the fifth ground relied upon, the fact that Mrs. Nancy E. Estill was a married woman appeared from the face of the record and pleadings in the original action.

It only remains to inquire whether the first ground, that of newly discovered evidence, is tenable. It is doubtful whether the petitions allege or whether the proof shows that the newly discovered evidence might not have been, by the exercise of reasonable diligence, produced on the trial of the original action. So far as the $1,200 certificate is concerned, not only was it in controversy in the first action, and thereby the attention of appellants directed to it, but there is nothing either in the petitions in these cases or in the proof, to show that any effort to trace it or to find the correspondence connected with it, was ever made until the time of its discovery. When search was made for the letter it was found in the possession of the party to whom it was addressed, and where one would naturally

presume it to be.   But waiving this, and the further consideration that all this evidence is merely cumulative, it appears to us that the judgment should not be disturbed.   The issues presented are purely legal issues, questions of fact purely cognizable by a jury, and in such cases it is a well established rule of practice in this court not to disturb the finding of the court below unless it is palpably against the evidence.   We should find as a fact, in support of the judgment, everything the evidence strongly conduces to prove.   Admitting, then, the sufficiency of the petitions, it appears that the finding of the court below is not so palpably against the weight of evidence as to authorize a reversal.

We think it clear that the depositions of Samuel and Martin Scott were properly excluded.   Sec. 25, Chap. 37, General Statutes.

The right of the executrix of W. L. Scott to sue and recover on the note executed to W. L. Scott as executor of Thomas B. Scott cannot now be questioned.   The point was made on the first appeal and expressly decided.   But whether the point was expressly decided or not is immaterial, for being in issue and all the facts known to the parties as fully as now, that matter is concluded by the decision referred to.

As to the petition in *Thomas B. Scott v. W. L. Scott's Ex'x*, it is sufficient to say that many of the grounds relied upon do not authorize a bill of review under the sections of the code heretofore referred to, and that the modification of the judgment to the extent of $500 appears to be substantially correct.   Conceding that the newly discovered evidence in regard to this matter authorizes the court to entertain the petition, the judgment of the court upon it is not so palpably against the weight of the evidence as to justify a reversal on the cross-appeal of the executrix.

Entertaining these views we deem it unnecessary to notice other minor points made by counsel.   Wherefore the judgment of the court below dismissing the petition of *Martin Scott v. W. L. Scott's Ex'x*, as well as the judgment allowing the credit of $500 in the suit of *Thomas B. Scott v. W. L. Scott's Ex'x*, are *affirmed*.

*Houston & Buckner, for appellants.   J. S. Bronough, for appellee.*